**Dated: April 8, 2016**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| Salvador Guiterrez Valdez, ) | CASE NO. 10-11673-JDL |
| ) | Ch. 13 |
| Debtor. ) | |

### ORDER DENYING MOTION TO REOPEN CASE

This matter is before the Court on the *Motion to Reopen* Case *Solely for the Purpose of Filing a Reaffirmation Agreement on Homestead Property* filed by Debtor Salvador Guiterrez Valdez ("Debtor") on March 3, 2016, (the "*Motion*"). [Doc. 12]. The Debtor's request seeks authority to reopen his bankruptcy case in order that he may file a reaffirmation agreement out of time. As set forth at greater length below, Debtor's *Motion* is denied. The following constitutes the Bankruptcy Court's findings of fact and conclusions of law as required by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

### Jurisdiction

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court

has jurisdiction to determine this matter under 28 U.S.C. § 1334 and the Standing Order of Reference issued by the United States District Court for the Western District of Oklahoma found at LCvR81.4.

## Statement of the Case

On March 25, 2010, Debtor filed a Petition pursuant to Chapter 7 of the United States Bankruptcy Code. [Doc. 1]. Debtor successfully completed his case and was granted a discharge on July 7, 2010. [Doc. 10]. A Final Decree closing the case was entered on August 23, 2010. On March 3, 2016, Debtor[1] filed his *Motion* for the limited purpose of allowing the debtor to file a reaffirmation agreement, pro-se, with his lender on the homestead property. His stated reason for the request to reopen "to reaffirm the mortgage on his homestead property in order to be eligible for a better interest rate with his lender". [Doc. 12, ¶ 3.]

## Discussion

A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause". 11 U.S.C. § 350(b). A case should be reopened only if the court makes the threshold determination that one of the three grounds articulated in §350(b) exists. *In re Bellano,* 456 B.R. 220 (Bankr. E.D. Pa. 2011); *In re Lee, 356 B.R. 177, 180* (Bankr. N.D.W.Va. 2006). The party moving to reopen a case has the burden of proof. *In re Cloninger,* 209 B.R. 125, 126 (Bankr. E.D. Ark.1997).

The decision to reopen a case "invoke[s] the exercise of a bankruptcy court's

---

[1] The opening paragraph of debtor's Motion identifies same as "Cheri Burdett". The Court assumes this to be a typographical error and is treating this Motion as if filed on behalf of Salvador Guiterrez Valdez.

equitable powers, which is dependent upon the facts and circumstances of each case". *In re Galloway-O'Connor,* 539 B.R. 404 (Bankr. E.D.N.Y. 2015); *Katz v. I.A. Alliance Corp. (In re I.A. Alliance Corp.)*, 104 Fed.Appx. 199, 200 (2nd Cir.2004) (quoting *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2nd Cir.1996)). Although a motion to reopen is generally considered a "ministerial act", in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening. See *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y.2010) *aff'd Smith v. Silverman (In re Smith)*, 645 F.3d 186 (2nd Cir. 2011).

Furthermore, the Court recognizes that no party has filed an objection to the Debtor's *Motion*. Notwithstanding the absence of an objection, the Court is obligated to follow and apply the law, even where the litigants unanimously (either formally or through their silence) urge otherwise. Despite the lack of objection "courts are not required to grant a request for relief simply because the request is unopposed". *In re Millspaugh*, 302 B.R. 90, 93 (Bankr. D. Idaho 2003). Indeed, "the granting of an uncontested motion is not an empty exercise but requires the court to find merit to the motion". *In re Nunez*, 196 B.R. 150,156 - 57 (9th Cir. BAP 1996). Lack of opposition "does not absolve the court of its responsibility to ensure that relief may be properly entered". *In re Lancaster,* 2003 WL 109205 (Bankr. D. Idaho 2003). In the words of Learned Hand, "a judge is more than a moderator; he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert". *United States v. Marzano,* 149 F.2d 923, 925 (2nd Cir. 1945).

The Court will limit the exercise of its discretion to reopen a closed case "in

circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources". *In re Mir Mohammed*, 536 B.R. 351, 355 (Bankr. E.D. N.Y. 2015); *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D. N.Y. 2011). Here on both the facts and the law, Debtor's *Motion* fails.

As to which of the three grounds in §350(b) support his request to reopen, Debtor does not specifically state. The Court must therefore extrapolate from his *Motion* the basis of his request. It seems clear that what he intends here does not involve administration of assets, as debtor's request is premised on the belief that reaffirmation will result in his becoming eligible for a better interest rate with his lender. Further, because "cause" in this context has not been defined, the Court is hesitant to interpret Debtor's request to suggest that cause exist when the *Motion* is silent as to same.

What remains is reopening his case "to accord relief". That seems consistent with what Debtor is trying to do: the *Motion* implies that if Debtor is allowed to reaffirm his mortgage debt, the mortgagee will restructure his monthly mortgage obligation on more favorable terms. That "relief", however, is not permitted when a discharge has been entered prior to the reaffirmation agreement. Bankruptcy Code §524(c)(1) provides the following:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
>
> (1) such agreement was **made before the granting of the discharge under section 727**, 1141, 1228, or 1328 of this title; (Emphasis added.)

\*\*\*\*

4

The statute clearly requires that the Debtor seek approval of the agreement prior to obtaining a discharge.[2] Rule 4008(a) of the Federal Rules of Bankruptcy Procedure constrains that time period even further, by requiring that the agreement be filed not later than 60 days after the first date set for the creditors meeting. While enlargement of that deadline is within the Court's discretion[3], it must be sought prior to discharge. See *In re Mardy,* 2011 WL 917545 (Bankr. E.D.N.Y. 2011). Bankruptcy Rule 4004 specifically provides that after the deadline to object to discharge passes, a discharge must be granted "forthwith," unless, inter alia, a motion to enlarge the time to file a reaffirmation agreement is pending. Fed.R. Bankr. P. 4004(c)(1)(J). In the present case, no such extension was sought and so, as a result, the discharge was entered in due course.

Once a bankruptcy court has entered an order of discharge, the § 524(c)(1) deadline for making such an agreement is passed, and the court thereafter lacks jurisdiction to approve the agreement. *In re Reed*, 177 B.R. 258, 259–60 (Bankr. N.D. Ohio 1995), citing *In re Gruber*, 22 B.R. 768, 770–71 (Bankr. N.D. Ohio 1982). "[R]eaffirmation agreements must be entered into prior to discharge to have legal significance. Those entered into after entry of a discharge are unenforceable, and are of no legal significance." *In re Eccleston*, 70 B.R. 210, 212 (Bankr. N.D.N.Y.1986). See also, *In re Whitmer*, 142 B.R. 811, 814

---

[2] However, where it can be shown that the reaffirmation agreement was "made", i.e. signed, before the granting of the discharge, then the reaffirmation agreement may be "filed" after the granting of the discharge. See e.g. *In re Davis*, 273 B.R. 152 (Bankr. S.D. Ohio 2001); *In re Rigal*, 245 B.R. 145 n.3 (Bankr. S.D. Tex. 2000) ("Under the statutory scheme, it would appear that the agreement may be filed after discharge if all other requirements are completed prior to discharge."). There is no allegation in the *Motion* that a reaffirmation agreement was entered into before the discharge was granted and the case closed. The fact that the case was closed for five years prior to the *Motion* being filed would strongly suggest that there was no pre-discharge execution of an agreement.

[3] §521(a)(2)(B) allowing court to grant debtor additional time to reaffirm.

(Bankr. S.D. Ohio 1992) (finding that court lacked jurisdiction to enter order approving post-discharge reaffirmation agreement); *In re Stewart*, 355 B.R. 636, 638–39 (Bankr. N.D. Ohio 2006) (declining to invoke the court's equitable authority to overcome plain, unambiguous statutory language: "court has no jurisdiction to approve a reaffirmation agreement once discharge has been granted'); and *In re Gibson*, 256 B.R. 786, 788 (Bankr. W.D. Mo.2001) (citing lack of jurisdiction as rationale for declining to approve post-discharge reaffirmation).

The majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable. See, e.g., *In re Rigal,* 254 B.R. 145, 148 (Bankr. S.D. Tex.2000); *In re Collins*, 243 B.R. 217, 220 (Bankr. D. Conn. 2000); *In re Reed*, 177 B.R. 258, 259–60 (Bankr. N.D. Ohio 1995); *In re Brinkman,* 123 B.R. 611, 612 (Bankr. N.D. Ind.1991); *Winters Nat'l Bank & Trust Co. v. McQuality (In re McQuality )*, 5 B.R. 302, 303 (Bankr. S.D. Ohio 1980); In re Mardy, 2011 WL 917545 (Bankr. E.D. N.Y.2011); *In re Engles*, 384 B.R. 593, 598 (Bankr. N.D. Okla. 2008); In re Clark, 2010 WL 5348721 (Bankr. E.D. N.Y. 2010); *In re Suber*, 2007 WL 2325229 (Bankr. D. N.J. 2007).

A minority line of authority relies upon the bankruptcy court's equitable powers and/or Fed.R.Civ.P. 60(b)(6) to allow post-discharge reaffirmation agreements but only finding that a demanding evidentiary burden has been met. See, e.g., *In re Edwards*, 236 B.R. 124, 126–27 (Bankr. D. N.H.1999) (requiring "special circumstances" to be shown); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D. N.Y.1986) (requiring "extraordinary circumstances."); *In re Long*, 22 B.R. 152, 154 (Bankr. D. Me.1982); and *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa.1981). In the present circumstances, the Court does not find such *extraordinary circumstances* that would allow it to circumvent the plain letter of

6

the law in order to afford Debtor relief.

In considering the facts of this case against both the majority and minority rationales, the Court is not unmindful that the equities supporting Debtor's request may not be insignificant. It appears that reaffirmation will allow him to reduce his monthly and total mortgage obligation due to an interest rate reduction. That, however, does not allow the Court to expand the limits of the Bankruptcy Code. As the Court in *Stewart*, 355 B.R. at 638-639 explained:

> Debtor's "logic" argument misconstrues the Court's authority under § 105(a). A bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). Bankruptcy courts cannot "use equitable principles to disregard unambiguous statutory language." In re C–L Cartage Co., Inc., 899 F.2d 1490, 1494 (6th Cir.1990). Section 105(a) "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." In re Jamo, 283 F.3d 392, 403 (1st Cir.2002). Moreover, because "reaffirmation agreements are not favored," strict compliance with § 524(c) is mandated. See In re Bennett, 298 F.3d 1059, 1067 (9th Cir.2002).

See also *In re Bellano*, 456 B.R. at 224 (Bankr. 2011) (quoting *Stewart*).

As stated above, a case cannot be reopened if no relief could be afforded. A reaffirmation agreement cannot be executed and filed after the discharge, thus no relief can be afforded to the debtor.[4]

---

[4]. Although not a direct issue here, the Court notes that it would not entertain a motion to revoke the discharge order for the purpose of filing a reaffirmation agreement. Section 727(d) specifically provides that the Court will only revoke a discharge on the timely request of the *trustee or a creditor* and, then, only on the grounds specified. "There is no provision for the setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge." *In re Pettet,* 271 B.R. 855 (Bankr. S.D. Ind. 2002); *In re Kirk*, 2014 WL 1248040 (Bankr. N. M. 2014) (holding the court has no ability to retroactively vacate a discharge order for the purpose of permitting the filing of the

For the reasons set forth above, Debtor's *Motion to Reopen Case Solely for the Purpose of Filing a Reaffirmation Agreement on Homestead Property* shall be and is hereby **DENIED**.

# # #

---

reaffirmation agreement); *In re Engles*, 384 B.R. 593 (Bankr. N.D. Okla. 2008)("This court is not alone in its conclusion that a bankruptcy court does not have the authority to vacate a discharge for the purpose of filing a post-discharge reaffirmation agreement."); and *In re Carrillo*, 2007 WL 2916328 (Bankr. D. Utah 2007) ("Section 524(c)(1) is clear on its face.  A debtor must enter into a reaffirmation agreement before a discharge is issued.  The Court would undermine this statutory requirement and obfuscate its importance if it granted the relief requested.* * * The court determines it lacks the authority to vacate the discharge.").